# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-1206V
Filed: January 3, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | |
| JEANNE BAILEY, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | |
| v. | * | Decision on Attorneys' Fees and Costs; |
| | * | Respondent Does Not Object. |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | * | |

*Kenneth Lumb, Esq.*, Corboy & Demetrio, P.C., Chicago, IL, for petitioner.
*Christine Becer, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On December 16, 2014, Jeanne Bailey ("Ms. Bailey," or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that she developed a shoulder injury as a result of receiving an influenza vaccination on December 17, 2012. *See* Petition ("Pet."), ECF No. 1. On May 31, 2017, the undersigned issued a Decision awarding compensation to petitioner based on the parties' stipulations. *See* Decision, ECF No. 45.

On December 11, 2017, petitioner filed a Motion for Attorneys' Fees and Costs. Motion for Fees, ECF No. 49. Petitioner requests attorneys' fees in the amount of $18,029.75, and

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

attorneys' costs in the amount of $8,304.09, for a total amount of $26,333.84.[3]  *Id.* at 1.  In accordance with General Order #9, petitioner's counsel represents that petitioner did not incur any out-of-pocket expenses.  *Id*. at 2.

On December 26, 2017, respondent filed a response to petitioners' Motion for Attorneys' Fees and Costs.  Response, ECF No. 50.  Respondent provided no specific objection to the amount requested or hours worked, but instead, "respectfully recommend[ed] that the Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id*. at 3.  Petitioner filed a reply on January 2, 2018, reiterating her attorneys' fees request. Reply, ECF No. 51.

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1).  Based on the reasonableness of petitioner's request, the undersigned GRANTS petitioner's motion for attorneys' fees and costs.

Accordingly, the undersigned **awards the total of $26,333.84**,[4] representing reimbursement for attorneys' fees in the amount of $18,029.75 and costs in the amount of $8,304.09, in the form of a check made payable jointly to petitioners and petitioners' counsel, Kenneth Lumb, Esq.  The Clerk of the Court is directed to enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

s/ Mindy Michaels Roth
Mindy Michaels Roth
Special Master

---

[3] I have made no determination as to appropriate hourly rates in this matter; I merely conclude that the total sums requested seem reasonable and appropriate.

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.